**MOEA'I UILIATA, Objector**

**v.**

**PUAILOA TAVETE, Claimant**

---

**UVIA TE'O, MOEA'I UILIATA, MAGALEI LOGOVII, SAVEA LOI, and ALAI'ASA FILIFILI, Objectors**

**v.**

**PUAILOA TAVETE, Claimant**

---

**PUA'AELO PUAILOA, ALAI'ASA FILIFILI, and SEUI LAAU, Objectors**

**v.**

**PUAILOA TAVETE and MALAEIMI ASSEMBLY OF GOD CHURCH, Claimants**

---

**SEUI LA'AU, ALAI'ASA FILIFILI, and MOEA'I UILIATA, Objectors**

**v.**

**PUAILOA M. TAVETE and AFOAFOUVALE L.S. LUTU, Claimants**

---

**ALAI'ASA FILIFILI, Objector**

**v.**

**PUAILOA TAVETE, Objector**

**and**

**MOEA'I UILIATA, Claimant**

High Court of American Samoa
Land and Titles Division

35

LT No. 8-87
LT No. 1-91
LT No. 39-93
LT No. 1-94
LT No. 14-95

October 17, 1996

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and ATIULAGI, Associate Judge.

Counsel:     For Objector/Claimant Moea'i Uiliata, Albert Mailo
     For Claimant/Objector Puailoa Tavete, Charles V. Alailima
     For Objector Uvia Te'o, Pro Se
     For Objectors Magalei Logovii and Savea Loi, Tauivi Tuinei
     For Objector Alai'asa Filifili, Tautai A.F. Fa'alevao
     For Objector Pua'aelo Puailoa, Pro Se
     For Objector/Claimant Seui La'au, Togiola T.A. Tulafono
     For Claimant Malaeimi Assembly of God Church, Asaua Fuimaono
     For claimant Afoafouvale L.S. Lutu, Pro Se

Order Remanding Matters to Land Commission and Denying Permission to File Survey with Territorial Registrar:

36

We are deciding two motions. Claimant Afoafouvale L.S. Lutu ("Afoafouvale") moved to dismiss LT No. 1-94. He was joined at the hearing by claimant Malaeimi Assembly of God Church ("Church") for purposes of LT No. 39-93 and claimant/objector Puailoa Tavete for purposes of both LT No. 1-94 and LT No. 39-93. Objector Alai`asa Filifili ("Alai`asa") and objector/claimant Moea`i Uiliata ("Moea`i") opposed this motion.

Relating to all actions, Alai`asa moved for permission to file the survey of land claimed as his family's communal land with the Territorial Registrar to enable processing of the registration of title to that land. Afoafouvale, Puailoa, Moea'i, and the Church opposed this motion.

Counsel for objectors Magalei Logovii ("Magalei"), Savea Loi ("Savea"), and Seui La'au ("Seui"), and pro se objectors Uvia Te'o ("Uvia") and Pua`aelo Puailoa ("Pua`aelo") were not present at the hearing. However, for discussion purposes, we assume that Seui and Pua`aelo would oppose the motion to dismiss, and that all of these parties would oppose the motion to file the survey for title registration.

## Motion to Dismiss

### 1. LT No. 1-94

Conveyance of 2.18 acres of land in Malaeimi, American Samoa, by Puailoa, as grantor, to Afoafouvale, as grantee, is at issue in Lt No. 1-94. The deed, dated December 7, 1990, was signed by Puailoa on December 6, 1990. The Territorial Registrar, as the secretary to the Land Commission, received the deed for document registration on December 12, 1990. On December 26, 1990, the Registrar posted the Commission's notice of the transaction in Malaeimi and at the courthouse, establishing the period from December 26 to February 25, 1991 for filing written objections to the transaction. Seui, Ala`iasa and Moea`i filed objections.

On May 14, 1992, acting on the Attorney General's advice, the Territorial Registrar forwarded the deed to the Secretary of Samoan Affairs for dispute resolution proceedings under A.S.C.A. § 43.0302. On December 8, 1993, following five hearings, the Deputy Secretary of Samoan Affairs issued a certificate of irreconcilable dispute. Then, on December 28, 1993, the Registrar submitted the matter to this court for judicial determination.

We will follow the precedent set in *Moetoto v. Savusa*, LT No. 21-95 (Land & Titles Div. July 21, 1995)(order remanding the matter to Land Commission) as appropriately governing this situation. The Legislature

37

has instituted administrative procedures to validate transfers of title to communal land. First, the Land Commission must study the proposed transaction and make recommendations to the Governor about it. A.S.C.A. § 37.0203(a) - (c). Next, the Governor must approve the transaction. A.S.C.A. § 37.0204(a). Then, and only then, the Territorial Registrar registers the transfer instrument to effect passing of title. A.S.C.A. § 37.0210.

The Land Commission has not submitted recommendations to the Governor on the proposed conveyance and, until he receives those recommendations, the Governor cannot approve or deny the proposed conveyance. Thus, a justiciable controversy is not presently before the Court, and this matter should be remanded to the Land Commission for completion of the administrative process and then dismissed.

## 2. LT No. 39-93

Lease of 1.156 acres of land in Malaeimi by Puailoa, as lessor, to the Church, as lessee, is at issue in LT No. 39-93. On April 13, 1993, the lease was signed, and the Territorial Registrar posted the Land Commission's notice of the transaction in Malaeimi and at the courthouse, designating the period from April 13 to June 14, 1993, for filing objections to the lease. Alai`asa, Pua`aelo, and Seui filed objections.

On July 2, 1993, the Territorial Registrar forwarded the lease to the Secretary of Samoan Affairs for dispute resolution proceedings. On November 17, 1993, following three hearings, the Deputy Secretary of Samoan Affairs issued a certificate of irreconcilable dispute. On November 29, 1993, the Registrar submitted the matter to this court for judicial determination.

The Governor must also approve the transaction to legalize the lease of communal land. A.S.C.A. § § 37.0221(a) and 37.0201(a). The Land Commission must also first review the transaction and submit recommendations to the Governor. The Territorial Registrar registers the lease only after the Governor approves it.

The Land Commission has not presented recommendations to the Governor on the proposed lease in this case, and justiciable controversy is not now before the court. Thus, this matter should also be remanded to the Land Commission for completion of the administrative process and dismissed.

### Motion to File Survey for Title Registration

On December 6, 1995, the court consolidated the five above entitled actions. The primary purpose of the consolidation was to facilitate clarification of the issues requiring trial in these related actions. We will conduct separate trials, if appropriate.

Additionally, the court set up procedures under which each party would submit to the court a survey of the land claimed as that party's and a jointly-selected surveyor would prepare a consolidated survey showing the surveyed land claimed by each party.

Alai`asa has submitted a survey of his family's claimed communal land. He also offered this land to the Territorial Registrar, with the survey, for title registration, but upon the Attorney General's advice, the Registrar refused to accept the survey and start the registration process. He now seeks the Court's order to allow immediate processing of the registration. We will deny Alai`asa's motion.

The pulenu'u of the village in which the land is located or nearest to which the land is located must certify that the pulenu'u gave public oral notice at a meeting to the village chiefs of the time and place of intended survey A.S.C.A. § 37.0102(c). We do not have documentation of this certificate in the record before us.

■ A landowner cannot register title to land which has been previously registered. A.S.C.A. § 37.0101(a). Apparently, at least one of the other parties has previously registered portions of Alai`asa's claimed land.

■ Alai`asa correctly points out that the title registration process is the statutory means designed to ferret out competing claims, but this process is intended to apply to unregistered land. Once title to land is registered, the prohibition against further registrations is an overriding policy favoring finality in title registrations that have been properly completed.

A cardinal objective of the present litigation is to identify registered and unregistered land areas at issue and to determine the rightful owners of these lands. While more claims may surface when and if the unregistered lands are offered for registration, protection of registered lands has greater importance, until and unless we determine that the registration was improper.

Moreover, we ordered each party to file a survey of the party's claimed land solely for the purpose of developing evidence depicting as specifically as possible the land areas subject to competing claims as a necessary aid to correctly resolve those claims among the present parties. Title registration of the claimed unregistered lands at issue is inappropriate while these consolidated actions are pending.

39

## Order

1. Proceedings on the conveyance in LT No. 1-94 and lease in LT No. 39-93 are remanded to the Land Commission for completion of the statutorily mandated administrative process. Both actions are dismissed without prejudice.

2. Alai`asa's motion for permission to file the survey of land claimed as his family's communal land with the Territorial Registrar to enable processing the title registration of that land is denied.

It is so ordered.